By the Court.—Curtis, J.
Two questions are presented on this appeal, one of fact as to whether the defendant made any purchase whatever of the stock in question ; the other, whether the court erred in allowing the amendment of the complaint.
An examination of the evidence shows, that both parties transacted business loosely. Their relations were intimate, and their mutual business matters were conducted without much reference to making and preserving full and regular entries and memoranda of what was done. Neither, individually, seemed conversant with details.
The testimony of the defendant, that the agreement was that he should buy one hundred shares of Panama Railroad stock for the sole account and risk of the plaintiff, and that he did so, is met by the denial of the plaintiff, whose evidence is directly in conflict as to the making of any such agreement with the plaintiff.
Where the recollections of parties are so at variance, some light and reliable proof may be often gained by referring to entries in books made at the time of the occurrences, and also to the written statements ren *212 dered by one party to the other, when the subject matter is fresh in their memories.
Upon examining the books of the defendant, and the statements rendered by him to the plaintiff, the plantiff’s testimony that the purchase was to be made on joint account and the profits and losses to be equally divided between them is strongly corroborated. This is also confirmed, by reference to preceding transactions of purchases of stocks, where the dealings in stocks between the parties were on this footing, and the accounts so kept and rendered.
The entries in the books of the defendant in reference to this stock, at the period in question, fail to strengthen his testimony in regard to having purchased this one hundred shares for the plaintiff. The defendant does not appear to have had much acquaintance with his books, or the way in which his accounts were kept and statements rendered.
The explanation of the defendant’s book-keeper, that this difficulty with the accounts is the result of a mistake made by him, may be true, but it is not very satisfactory. The judge before whom the case was tried, who had the books, and the statements rendered, and the witnesses before him, and who had the best opportunity of finding out and determining what were the facts in the case, has come to a conclusion adverse to what is claimed by the defendant.
Though the testimony is conflicting, yet the findings of the judge at the trial are so sustained by the proofs, that the court on appeal cannot consistently with the well settled rules governing under such circumstances, hold they are erroneous.
It remains to be considered what force is to be given to the defendant’s exception to the amendment of the complaint ordered by the judge at the trial. The 173d section of the Code, gives power to the court to amend by conforming the pleading to the facts proved, subject *213 to the restriction that the amendment does not change substantially the claim or defense. It is urged on the part of the defendant that the judgment in this action is in direct hostility to the theory of the suit, and cannot be maintained.
The theory of the suit is that the plaintiff and defendant have had transactions together, in respect to which the plaintiff is entitled to an accounting and asks judgment for an accounting. Under such circumstances, when unsettled transactions have occurred between parties, it is the right of either one, whether a creditor or a debtor, who deems he has rights to be declared or enforced, to bring an action for an accounting, so that an account may be legally stated and taken that shall be binding upon the parties, and by which present and future difficulties may be avoided.
In the present case, the court, instead of referring it to a referee to take and state the accounts between the parties, proceeded with the hearing of the cause, and the taking and stating of the accounts between them. The accounts, as stated and found by the court, charged the defendant with the sums which had been paid to him by the plaintiff, upon his representations as to the purchase of the stock, and disallowed all the other items which either party presented or claimed against the other at the trial.
The amendment of the complaint, by conforming it to the facts found by the court to be proved, was not such an amendment as comes within the restriction of the Code. It did not change substantially the claim, because the substance of the claim was simply that unsettled transactions existed between the parties, and the plaintiff prayed an accounting. It would gravely prejudice the efficacy of this provision of equity jurisprudence in the administration of justice, if it was held to be a necessary preliminary that the suitor should, unless he accurately set forth his claim, be *214 dismissed from court. The theory of the remedy is that the court when appealed to, will marshal and state and pass upon the accounts between the parties, as they shall be disclosed and established at the hearing, whether before the referee or the court. The origin of the remedy is due to necessity, that when ignorance and fraud or other causes prevent men from properly stating and taking their accounts so as to protect their just rights, a court of equity will intervene to take and state them when its aid is asked, bio stringent mile can be applied as to the statement of this species of claim, as it would be liable to prevent an accounting, because a discovery is a part of the theory of the action.
The amendment granted is especially applicable to the pleadings in this class of cases, for the reason that it is oftentimes only when the account has been taken and stated, that parties can know what their respective claims are, and then by amending the pleadings, conformably, the record is relieved of embarrassment. If in the case at bar, there had been no amendment of the complaint, the plaintiff would have been entitled to his judgment in conformity to the accounting as taken and stated.
The defendant made no application to amend his answer. He appears to have acquiesced in letting the answer stand, it being provided in the order, making the amendment, that it was made without prejudice tu any proceedings already had. It would be inconsistent with well settled principles, that where a defendant acting in a fiduciary capacity, has by untrue statements led his principal to incorrectly describe in his complaint the nature or extent of the. transactions, respecting which he calls the agent to account, that the latter can deprive him of his remedy by disclosing on the trial, his own wrongful acts, and taking a technical advantage of them to defeat justice. Courts do not lend themselves to the furtherance of such views. *215 For these reasons it would seem that the exception of the defendant to the granting of the amendment is not well taken.
The judgment should he affirmed with costs.
Sanford, J., concurred.